10-2525-ag
Konate v. Holder

BIA
Bukszpan, IJ
A095 850 665

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of July, two thousand eleven.

PRESENT: DENNIS JACOBS,
             *Chief Judge,*
        JON O. NEWMAN,
        DEBRA ANN LIVINGSTON,
             *Circuit Judges.*

_____

MOUSSA KONATE,
        *Petitioner,*

        v.                                          10-2525-ag
                                                    NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Ronald S. Salomon, New York, New York

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Michelle G. Latour, Assistant
                       Director, Jessica E. Sherman, Trial
                       Attorney, Office of Immigration
                       Litigation, U.S. Department of
                       Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Moussa Konate, an alleged native and citizen of Mauritania, seeks review of the May 26, 2010, decision of the BIA affirming the August 15, 2008, decision of Immigration Judge ("IJ") Joanna Bukszpan pretermitting his application for asylum, and denying his application for withholding of removal. *In re Moussa Konate*, No. A095 850 665 (B.I.A. May 26, 2010), *aff'g* No. A095 850 665 (Immig. Ct. N.Y. City Aug. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision minus the arguments for denying relief that were not relied upon by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We review only the agency's denial of withholding of removal because Konate does not challenge the agency's pretermission of his asylum application.

The agency reasonably concluded that Konate failed to demonstrate his eligibility for withholding of removal because substantial evidence supports the agency's adverse credibility determination. Although Konate claims that he established his eligibility for relief and that the agency improperly relied on minor inconsistencies, the agency reasonably supported its adverse credibility determination by relying on negative findings in a forensic report concerning Konate's identity and nationality, and Konate's failure to explain or submit evidence to rebut those findings. *See In re O-D-*, 21 I. & N. Dec. 1079, 1082 (BIA 1998) (drawing "adverse inferences" from applicant's attempt to establish nationality and identity with documents that a forensics report found to be false, and from failure to refute or explain the forensics report's conclusions, and finding that due to existence of inconsistencies in the applicant's testimony, remaining record failed to overcome inference of incredibility created by false documents); *Borovikova v. U.S. Dept. of Justice*, 435 F.3d 151, 157-58 (2d Cir. 2006) (determining that because substantial evidence supported the IJ's finding that a submitted birth certificate was likely fraudulent, the IJ did not err in resting her adverse credibility determination on that finding). Moreover, the agency reasonably found that Konate's contradictory testimony regarding the sequence of events

surrounding his father's death and his expulsion from Mauritania, and his inability to explain whether he was eleven or sixteen years old at the time, constituted substantial discrepancies going to the heart of Konate's claim, as his claim was based exclusively on this incident. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (holding that any discrepancy relied upon to support an adverse credibility determination must be "substantial" when measured against the record as a whole); *Majidi v. Gonzales*, 430 F.3d 77, 81-82 (2d Cir. 2005) (holding that substantial evidence supported agency's adverse credibility determination because petitioner provided dramatically different accounts of incident on which claim hinged).

Accordingly, because the agency's adverse credibility determination was supported by substantial evidence, it did not err in denying Konate's application for withholding of removal. *See Majidi*, 430 F.3d at 81-82 (denying petition for review of agency's denial of asylum and withholding of removal because substantial evidence supported agency's adverse credibility determination).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk